UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

IN RE:

Mark David Pitzele,

           Debtor.

_____

Plaza I, Inc.,

           Plaintiff,

vs.

Mark David Pitzele,

           Defendant.

_____

BKY 07-44525
Chapter 7

**COMPLAINT TO DETERMINE**
**DISCHARGEABILITY OF DEBT**

Plaintiff, Plaza I, Inc. (hereinafter referred to as "Plaza I"), for its claim against Defendant Mark David Pitzele (hereinafter referred to as "Defendant"), states and alleges as follows:

**JURISDICTION**

1.    That Defendant is a resident of the State of Minnesota, and resides at 590 Willoughby Way W, Minnetonka, MN 55305.

2.    That on or about December 6, 2007, Defendant filed a Petition for relief under Chapter 7 of the United States Bankruptcy Code. The case is now pending in this Court. This Court has jurisdiction to determine this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This adversary proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(I), and is properly before the Court pursuant to Bankruptcy Rule 7001(6).

## FACTUAL BACKGROUND

3. That prior to the commencement of this Chapter 7 case, Defendant on behalf of Mark Pitzele, P.A. executed and delivered to Plaintiff a Second Consolidated Term Note in the original principal amount of Three Hundred Seventy-Five Thousand and 00/100 Dollars ($375,000.00) (hereinafter referred to as the "Note").

4. That, Defendant and Deena Pitzele, as husband and wife, purportedly executed and delivered to Plaintiff a Restated Guaranty (hereinafter referred to as the "Restated Guaranty"), whereby they jointly guaranteed the obligations of Mark A. Pitzele P.A. to pay the Note.

5. That on November 7, 2005, Defendant and Deena Pitzele executed and delivered to Plaintiff a Confession of Judgment and Warrant of Attorney (hereinafter referred to as the "2005 Confession"). A true and correct copy of the 2005 Confession is attached hereto and incorporated herein as Exhibit A.

6. That per the terms of the 2005 Confession, Plaintiff would enter the Confession of Judgment against Defendant and Deena Pitzele and Mark Pitzele, P.A., if Defendant and/or Deena Pitzele failed to pay the delinquent amount.

7. That the 2005 Confession was purportedly executed by Defendant and Deena Pitzele before a Minnesota Notary Public.

8. That on or about January 31, 2006, Defendant on behalf of Mark Pitzele, P.A. executed and delivered to Plaintiff a Third Consolidated Term Promissory Note (hereinafter referred to as the "Third Note").

9. That pursuant to the Third Note, Mark Pitzele, P.A. promised to pay to Plaintiff the sum of Four Hundred Nineteen Thousand Eight Hundred and 00/100 Dollars ($419,800.00).

10. That on February 2, 2006, Defendant and Deena Pitzele executed and delivered to Plaintiff another Confession of Judgment and Warrant of Attorney (hereinafter referred to as the "2006 Confession"). A true and correct copy of the 2006 Confession is attached hereto and incorporated herein as Exhibit B.

11. That the 2006 Confession was purportedly executed by Defendant and Deena Pitzele before a Minnesota Notary Public.

12. That Mark Pitzele P.A. defaulted on its obligations to repay the Third Note. Defendant failed to honor his obligations under the Second Guaranty. As a result, and pursuant to the 2006 Confession, Plaintiff filed the 2006 Confession with the Hennepin County District Court.

13. That on or about March 1, 2007, the Court entered judgment in favor of Plaintiff and against Mark Pitzele, P.A. and Defendant in the amount of $430,498.05 and against Deena Pitzele in the amount of $205,122.79.

14. That on August 31, 2007, Plaintiff deposed Defendant in a deposition in aid of execution of judgment.

15. That Defendant testified under oath that the signature of Deena Pitzele on the 2005 Confession was not authentic and that Defendant had someone other than Deena Pitzele execute the document.

3

16. Defendant further testified under oath that the false signature was notarized by the notary public without her personally witnessing the execution of <u>Exhibit A</u>.

17. Defendant testified under oath that the signature of Deena Pitzele on the 2006 Confession was not authentic and that Defendant had someone other than Deena Pitzele execute the document.

18. Defendant further testified under oath that the false signature was notarized by the notary public without him personally witnessing the execution of <u>Exhibit B</u>.

## COUNT I
## §523(a)(2)(A)

19. That Plaintiff reincorporates Paragraphs 1 through 18 as if fully alleged herein.

20. That Defendant misrepresented that his wife, Deena Pitzele, executed the 2005 Confession.

21. That Defendant misrepresented that his wife, Deena Pitzele, executed the 2006 Confession.

22. That through the misrepresentations and actions described in this Complaint, Defendant obtained and retained money from Plaintiff through false pretenses, false representations or actual fraud.

23. That Defendant engaged in such misrepresentations and actions with the intent and purpose to induce and did induce Plaintiff in borrowing money to Defendant.

24. That the action by Defendant makes the obligation of Defendant to Plaintiff non-dischargeable under 11 U.S.C. § 523(a)(2)(A).

4

## COUNT II
## §523(a)(6)

25.    That Plaintiff reincorporates Paragraphs 1 through 24 as if fully alleged herein.

26.    That Defendant willfully, deliberately and intentionally misrepresented to Plaintiff that Defendant's wife, Deena Pitzele, executed the 2005 and 2006 Confessions.

27.    That Defendant made such willful, deliberate and intentional misrepresentations maliciously and with the intent to obtain and retain money from Plaintiff.

28.    That Defendant engaged in such willful and malicious behavior with the intent and purpose to induce and did induce Plaintiff into borrowing money to Defendant.

29.    That the action by Defendant caused injury to Plaintiff.

30.    That the action by Defendant makes the obligation of Defendant to Plaintiff non-dischargeable under 11 U.S.C. § 523(a)(6).

**WHEREFORE**, Plaintiff demands that this Court:

1.    Determine that the money obtained and retained by Defendant from Plaintiff, as the same are discussed hereinabove, are nondischargeable and excepted from any discharge Defendant might otherwise receive in the bankruptcy case related to this action, pursuant to 11 U.S.C. § 523(a)(2)(A), and, therefore, Plaintiff demands judgment against Defendant;

2.    Determine that the money obtained and retained by Defendant from Plaintiff, as the same are discussed hereinabove, are nondischargeable and excepted from any discharge Defendant might otherwise receive in the bankruptcy case related to this

action, pursuant to 11 U.S.C. § 523(a)(6), and, therefore, Plaintiff demands judgment against Defendant;

3. In the amount of Six Hundred Thirty Thousand Six Hundred Twenty and 84/100 Dollars ($630,620.84), plus interest and reasonable attorney's fees, together with its costs and disbursements herein incurred, pursuant to 11 U.S.C. § 523(a)(2)(A); and,

4. For such other and further relief as the Court finds just and equitable in the premises.

GURSTEL, STALOCH & CHARGO, P.A.

Dated: February 25, 2008        By: /e/ Heather A. Spindler
    Todd L. Gurstel (#185619)
    Heather A. Spindler (#322945)
Attorneys for Plaintiff
401 North Third Street, Suite 590
Minneapolis, Minnesota  55401
(612) 664-8200

OTHER - CONTRACT

STATE OF MINNESOTA

DISTRICT COURT

COUNTY OF HENNEPIN

FOURTH JUDICIAL DISTRICT

In the Matter of Confession of
Judgment by Mark Pitzele, P.A., Mark Pitzele and Deena D. Pitzele,

    Defendants,

Vs.

Plaza I, Inc.,

    Plaintiff.

CONFESSION OF JUDGMENT
AND WARRANT OF ATTORNEY

Defendants, Mark Pitzele, P.A., Mark Pitzele and Deena D. Pitzele, hereby execute this Confession of Judgment and Warrant of Attorney in connection with the following obligations:

1. Defendant Mark Pitzele, P.A. has executed and delivered to Plaintiff, that certain Second Consolidated Term Note, dated July 1, 2005 in the original principal amount of $375,000.00 (the "Note"). A copy of the Note is attached hereto as Exhibit A. In addition, Defendants Mark Pitzele and Deena D. Pitzele executed that certain Restated Guaranty, dated July 1, 2005, guaranteeing paying of the Note (the "Guaranty"). A copy of the Guaranty is attached hereto as Exhibit B.

2. As of the date hereof, Defendant Mark Pitzele, P.A. is in default under the Note and Defendants Mark Pitzele and Deena D. Pitzele are in default under the Guaranty, in the respect that the installments of unpaid accrued interest due on each of August 15, September 15, and October 15, 2005 were not paid when due. As of November 3, 2005, the outstanding principal balance of the Note is $375,000 and unpaid accrued interest is $18,000.00. Interest continues to accrue thereafter at the rate of

1



$200.00 per day. In addition, under the Note there are due and owing, total late charges of $900.00 and collection costs of $600.00, plus filing fees in the event this Confession of Judgment is filed.

3. Plaintiff has agreed to forbear from pursuing its remedies against Defendants, provided Defendants pay $25,500.00 (which includes the installment of interest due and payable on the Note on November 15, 2005) on or before November 15, 2005, in cash, cashier's check, money order or electronic funds transfer. Upon receipt of the foregoing amount pursuant to the deadline set forth herein, time being of the essence, Plaintiff shall return this Confession of Judgment to Defendants.

4. If Defendants fail to pay the amounts set forth in the preceding paragraph, time being of the essence, Plaintiff may enter this Confession of Judgment against each of Defendants Mark Pitzele, P.A. and Mark Pitzele in the amount up to the entire outstanding principal amount of $375,000.00, together with unpaid accrued interest thereon, late charges of $900.00 and collection costs of $600.00, plus filing fees and against Defendant Deena D. Pitzele in the outstanding principal amount of $200,000.00, together with unpaid accrued interest thereon, late charges of $900.00, and collection costs of $600.00, plus filing fees.

5. Defendants hereby authorize Plaintiff, through Plaintiff's attorney, in the event of a default hereunder, to appear for them, in any court of record in the State of Minnesota and further waives issuance of service of process, and by entry of a plea of confession, Defendants confess judgment in favor of Plaintiff for the amounts set forth in paragraph 4 above. By affidavits, Plaintiff and its attorneys may establish the precise amount of such amounts.

6. Defendants expressly waive any right to a hearing prior to Plaintiff's

obtaining a judgment pursuant to this Confession of Judgment.

Dated: November 7, 2005            MARK PITZELE, P.A.

                                   By: _____
                                   Its: President

Dated: November 7, 2005            _____
                                   MARK PITZELE

Dated: November 7, 2005            _____
                                   DEENA D. PITZELE

## VERIFICATION

STATE OF MINNESOTA )
                   ) ss.
COUNTY OF Hennepin )

    MARK PITZELE, having been duly sworn on oath, deposes and states that he is one of the named Defendants and president of named Defendant Mark Pitzele, P.A. in the encaptioned matter, that he has read the foregoing Confession and that the same is true of his own knowledge and that he has executed the foregoing Confession and Warrant as his free act, on his own behalf and on behalf of Defendant Mark Pitzele, P.A.

_____
MARK PITZELE

Sworn to and subscribed before
me this 17th day of November 2005
_____
Notary Public

STATE OF MINNESOTA )
                   ) ss.
COUNTY OF Hennepin )

BRENDA L. ANDERSON
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2010

    DEENA D. PITZELE, having been duly sworn on oath, deposes and states that she is one of the named Defendants in the encaptioned matter, that she has read the foregoing Confession and that the same is true of her own knowledge and thatshe has executed the foregoing Confession and Warrant as her free act.

Sworn to and subscribed before
me this 17th day of November 2005    _____
_____              DEENA D. PITZELE
Notary Public

BRENDA L. ANDERSON
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2010

3

|  |  |
|---|---|
| STATE OF MINNESOTA | OTHER - CONTRACT |
|  | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

In the Matter of Confession of
Judgment by Mark Pitzele, P.A., Mark Pitzele and Deena D. Pitzele,

    Defendants,

Vs.

Plaza I, Inc.,

    Plaintiff.

**CONFESSION OF JUDGMENT
AND WARRANT OF ATTORNEY**

Defendants, Mark Pitzele, P.A., Mark Pitzele and Deena D. Pitzele, hereby execute this Confession of Judgment and Warrant of Attorney in connection with the following obligations:

1. Defendant Mark Pitzele, P.A. has executed and delivered to Plaintiff, that certain Third Consolidated Term Note, dated January 31, 2006 in the original principal amount of $419,800.00 (the "Third Note"). The Note restates, replaces and renews that certain Second Consolidated Term Promissory Note, dated July 1, 2005, in the original principal amount of $375,000.00 (the "Second Note"), and capitalizes unpaid accrued interest thereon as of January 31, 2006 in the total amount of $35,800.00 and capitalizes advance interest in the amount of $9,000.00 on the Third Note. A copy of the Third Note is attached hereto as Exhibit A. In addition, Defendants Mark Pitzele and Deena D. Pitzele executed that certain Second Restated Guaranty, dated January 31, 2006, guaranteeing paying of the Third Note (the "Guaranty"). A copy of the Guaranty is attached hereto as Exhibit B.

1



EXHIBIT B

2. As a condition of capitalizing the unpaid accrued interest on the Second Note and accepting the Third Note in restatement, replacement and renewal of the Second Note, the Plaintiff has required, among other things, that Defendants execute this Confession of Judgment and Warrant of Attorney

3. If Defendants fail to pay the amounts due under the Third Note as required pursuant to the terms thereof, time being of the essence, Plaintiff may enter this Confession of Judgment (a) against each of Defendants Mark Pitzele, P.A. and Mark Pitzele in the amount up to the entire outstanding principal amount of $419,800.00, less principal amounts paid after the date hereof, together with unpaid accrued interest, late charges and collection costs, plus filing fees; and (b) against Defendant Deena D. Pitzele in the outstanding principal amount of $200,000.00, together with unpaid accrued interest thereon, 50% of late charges, 50% of collection costs incurred by Plaintiff in enforcing its rights against Defendant Mark Pitzele, P.A., and 100% of collection costs incurred by Plaintiff in enforcing its rights against Defendant Deena D. Pitzele, plus filing fees.

4. Defendants hereby authorize Plaintiff, through Plaintiff's attorney, in the event of a default hereunder, to appear for them, in any court of record in the State of Minnesota and further waives issuance of service of process, and by entry of a plea of confession, Defendants confess judgment in favor of Plaintiff for the amounts set forth in paragraph 3 above. By affidavits, Plaintiff and its attorneys may establish the precise amount of such amounts.

[The remainder of this page is intentionally blank.]

5. Defendants expressly waive any right to a hearing prior to Plaintiff's obtaining a judgment pursuant to this Confession of Judgment.

Dated: ~~January~~ February ____, 2006

MARK PITZELE, P.A.

By: _____
Its: President

Dated: ~~January~~ February ____, 2006

_____
MARK PITZELE

Dated: ~~January~~ February ____, 2006

_____
DEENA D. PITZELE

**VERIFICATION**

STATE OF MINNESOTA )
                   ) ss.
COUNTY OF HENNEPIN )

MARK PITZELE, having been duly sworn on oath, deposes and states that he is one of the named Defendants and president of named Defendant Mark Pitzele, P.A. in the encaptioned matter, that he has read the foregoing Confession and that the same is true of his own knowledge and that he has executed the foregoing Confession and Warrant as his free act, on his own behalf and on behalf of Defendant Mark Pitzele, P.A.

_____
MARK PITZELE

Sworn to and subscribed before me this 2nd day of ~~January~~ February 2006

_____
Notary Public

PATRICK M. ROACH
Notary Public
Minnesota
My Commission Expires Jan. 31, 2010

STATE OF MINNESOTA )
                   ) ss.
COUNTY OF HENNEPIN )

DEENA D. PITZELE, having been duly sworn on oath, deposes and states that she is one of the named Defendants in the encaptioned matter, that she has read the foregoing Confession and that the same is true of her own knowledge and that she has executed the foregoing Confession and Warrant as her free act.

Sworn to and subscribed before me this 2nd day of ~~January~~ February 2006

_____
Notary Public

_____
DEENA D. PITZELE

PATRICK M. ROACH
Notary Public
Minnesota
My Commission Expires Jan. 31, 2010

3